**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MATTHEW KEY,

    Plaintiff,

vs.                                             CASE NO. 3:08-cv-424-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB"). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #14). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #15). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference dated August 11, 2008 (Doc. #9). The Commissioner has filed the transcript of the proceedings (hereafter referred to as "Tr." followed by the appropriate page number).

The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the undersigned in making his determinations. Accordingly,

the matter has been decided on the written record. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and REMANDED**.

## I. Procedural History

In the instant action, Plaintiff protectively filed an application for DIB on February, 12, 2001, alleging disability beginning October 12, 2000 (Tr. 165-67). In a decision dated October 21, 2004, ALJ Gerald F. Murray (the "ALJ") determined Plaintiff was not disabled as of his date last insured, which was March 31, 2005 (Tr. 110-19). After said denial, Plaintiff requested that the Appeals Council review the October 21, 2004 ALJ decision (Tr. 120).

On May 17, 2006, the Appeals Council remanded the ALJ's October 21, 2004 decision (Tr. 137-39). The remand order directed the ALJ to reevaluate Plaintiff's alleged mental and physical impairments (Tr. 138). Pursuant to the remand order, another hearing was held before the ALJ on December 6, 2006 (Tr. 660-83).

On March 20, 2007, the ALJ issued an unfavorable decision, finding Plaintiff retained the residual functional capacity ("RFC") to perform a range of unskilled, light work activity on a sustained basis (Tr. 61). The ALJ therefore concluded Plaintiff was not disabled at Step 5 of the sequential evaluation process because a significant number of jobs existed that he could perform within his RFC limitations (Tr. 65). On May 4, 2007, Plaintiff requested review of the ALJ's March 20, 2007 decision from the Appeals Council. The review was subsequently denied on February 28, 2008, making the March 20, 2007 decision the final decision of the Commissioner (Tr. 7-9, 59). Plaintiff now appeals the Commissioner's final decision.

## II. Standard of Review

A plaintiff is entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i-v);[1] *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

---

[1] All references made to 20 C.F.R. will be to the 2009 edition unless otherwise specified.

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the

relevant medical and other evidence that he or she believes will prove they suffer from disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

### III. Discussion

As a preliminary matter, the Court's independent review of the record as a whole, as required under *Bloodsworth*, 703 F.2d at 1239, reveals the ALJ's decision misconstrues certain portions of the record and contains various inconsistencies that make a meaningful review of his decision untenable.

In addition, there appears to be an issue with respect to Plaintiff having allegedly sent to the Commissioner evidence that was neither referenced by the ALJ, nor included in the record on appeal. Plaintiff cited this evidence in support of his May 4, 2007 appeal to the Appeals Council; however, the Appeals Council appears to have not considered the evidence either (*see* Tr. 7-9, 16).

The Court would note that any one of the deficiencies set forth in this Order and Opinion, standing alone, might not have amounted to reversible error; however, as will be discussed more fully below, the Court finds the combination of said deficiencies requires remand in this instance.

To illustrate, the May 17, 2006 remand order from the Appeals Council provided:

> As appropriate, the ALJ will obtain updated medical records from the claimant's treating and other medical sources, including clinical findings, test results, and medical source statements about what the claimant can do despite the impairment(s). If the claimant is represented, the representative may be enlisted as necessary in securing the additional evidence.

(Tr. 138).

On July 6, 2006, in accordance with the language of the remand order, *supra*, Plaintiff's attorney representative, Dorothy Sims, Esq. ("Ms. Sims"), submitted additional

5

medical records from Plaintiff's treating physician, Christopher Leber, M.D. ("Dr. Leber") (Tr. 514-56). The dates of said medical records range from June 11, 2004 through June 8, 2006 (Tr. 514-56). Plaintiff maintains that, on July 28, 2006, Ms. Sims also submitted a Treating Physician's Medical Assessment of Ability to do Work-Related Activities (Physical), dated July 25, 2006, that was filled out by Plaintiff's treating physician, Dr. Leber (*see* Doc. #14-3). Plaintiff attached said document to his memorandum of law in support of the complaint because, as he claims, the Commissioner failed to included said document in the record (Doc. #14 at 10-16; *see also* Doc. #14-3). As noted above, Plaintiff referenced said evidence in his May 4, 2007 appeal to the Appeals Council; however, the Appeals Council appears to have neither considered the evidence, nor inquired into its whereabouts (*see* Tr. 7-9, 16).

Chapter 20 C.F.R. Section 404.1520(3) provides that the Social Security Administration ("SSA"), "will consider *all* evidence in your [the claimant's] case record when we [the SSA] make a determination or decision whether you are disabled" (emphasis added). Even though, at this point, it would be difficult for Plaintiff to prove he provided the evidence at issue to the Commissioner on July 28, 2006, he specifically stated in his appeal to the Appeals Council that he submitted the evidence prior to the December 6, 2006 hearing (Tr. 16). In addition, he argued the significance of the evidence in support of his appeal (Tr. 16). Further, counsel for Plaintiff provided the Court with a copy of the July 28, 2006 letter that was allegedly sent to the Commissioner and purports to have enclosed the missing additional evidence (Doc. #14-3). The Court finds the aforementioned facts tend to show Plaintiff likely submitted the evidence to the Commissioner, as he claims. Regardless, the Court is of the opinion that the Appeals Council should have recognized

that Plaintiff cited a document from his treating physician that was not contained in the record, and that it should have at least inquired into its whereabouts—which it did not.

Defendant argues the missing evidence is immaterial because the assessment was completed over a year after Plaintiff's date last insured, and because the limitations contained therein are inconsistent with the other record evidence (Doc. #15 at 11-12).

The Court is not persuaded by Defendant's argument that the evidence at issue is immaterial. To illustrate, the missing evidence was allegedly submitted to the ALJ, pursuant to the language of the May 17, 2006 remand order from the Appeals Council, which contemplated the ALJ would receive updated medical information from Plaintiff's treating source(s) (*see* Tr. 138). The remand order (which was issued more than one year after Plaintiff's insured status expired on March 31, 2005) provided:

> As appropriate, the ALJ will obtain *updated* medical records from the claimant's treating and other medical sources, including clinical findings, test results, and medical source statements about what the claimant can do despite the impairment(s).

(Tr. 138) (emphasis added).

The evidence at issue is a, July 25, 2006, Treating Physician's Medical Assessment of Ability to do Work-Related Activities (Physical), filled out by Plaintiff's primary treating physician, Dr. Leber (Doc. #14-3).[2] The document specifies how, and to what extent, Plaintiff's medical condition(s) impact his ability to perform work activities (*see* Doc. #14-3). Although the document is dated after Plaintiff's date last insured, the Court would note that the ALJ cited various additional documents submitted by Plaintiff, dated after his date last

---

[2]Dr. Leber also served as a consultative source for the Commissioner with respect to Plaintiff (*see* Tr. 467-74).

insured, in support of his decision to deny Plaintiff's claim (*see* Tr. 61).

Specifically, in support of his rejection of Plaintiff's asserted need for a medically necessary hand-held assistive device (a cane), the ALJ cited medical notations related to Plaintiff's medical examinations by Dr. Leber from August 5, 2005 through August 4, 2006 (all of which occurred after Plaintiff's date last insured) (*see* Tr. 61-62). More particularly, the ALJ stated that on August 24, 2005, Dr Leber noted Plaintiff "ambulated independently" (Tr. 61). The ALJ stated that on November 2, 2005, Dr. Leber indicated Plaintiff "ambulated independently with a steady gait" (Tr. 62).[3] The ALJ also stated that on August 4, 2006, Dr. Leber reported that Plaintiff did not have his cane with him that day, and that he was ambulating independently (Tr. 62).[4] In addition, the ALJ appears to have used the aforementioned additional medical records, in part, to discount Plaintiff's pain testimony (*see* Tr. 61-62).

The alleged missing additional evidence is from Plaintiff's treating physician, Dr. Leber, who has treated Plaintiff since October 29, 2002 (Tr. 448). The record indicates Dr. Leber has treated Plaintiff on a multitude of occasions for intractable pain (*see* Tr. 442-48, 456-57, 495-506, 514-56). Such an extensive treating relationship would have certainly provided Dr. Leber with a longitudinal perspective of Plaintiff's impairment(s). *See* 20 C.F.R. § 404.1527.

---

[3]As will be discussed *infra*, the Court finds the ALJ's use of this partial quotation to be disingenuous.

[4]The Court would note that it is unable to find the August 4, 2006 notation to which the ALJ refers. The Court looked for a possible August 4, 2005 notation as well, and was unable to find such a notation. In addition, when citing said portion of the ALJ's opinion, defense counsel did not cross-cite this medical reference with the record (*see* Doc. #15 at 6).

In addition, Dr. Leber also served as a consultative source for the Commissioner, and conducted a disability evaluation of Plaintiff on January 5, 2004 (Tr. 467-74). Pursuant to said evaluation, Dr. Leber reported, "it is very unlikely that [Plaintiff] would [be able to] return to gainful employment at this point in time" (Tr. 468). On the same date, Dr. Leber filled out a Medical Source Statement of Ability to do Work-Related Activities (Physical), wherein he stated Plaintiff could only occasionally lift ten (10) pounds, could only stand or walk for a total of less than two (2) hours in an eight-hour workday, needed a medically required hand-held assistive device for ambulation, and must alternate between sitting and standing in order to relieve pain or discomfort (Tr. 471-72).

At issue here, is the Treating Physician's Medical Assessment of Ability to do Work-Related Activities (Physical), filled out by Dr. Leber on July 25, 2006, which states Plaintiff can only lift five (5) to ten (10) pounds, can only stand or walk for less than one (1) hour in an eight-hour workday, and can only sit for two (2) to three (3) hours in an eight-hour workday (*see* Doc. #14-3). The Court finds this evidence tends to at least show Dr. Leber did not believe Plaintiff's condition improved from the time he filled out the January 5, 2004 Medical Source Statement of Ability to do Work-Related Activities (Physical) (*see* Tr. 471-74).

The ALJ stated that Plaintiff submitted additional medical records through his attorney "via letter dated January 26, 2007" (Tr. 62). This statement is patently incorrect. The additional evidence contained in the record was submitted by Plaintiff's counsel via letter dated July 6, 2006 (Tr. 514). The additional evidence Plaintiff claims he sent, but which is not contained within the record, was allegedly sent via letter dated July 28, 2006 (Doc. #14-3). Neither letter is dated January 26, 2007. Thus, it is readily apparent that the

ALJ's understanding of when the Commissioner received additional evidence, or any part thereof, cannot be relied upon.

If Plaintiff submitted this evidence, as he claims, it should have been considered by the Commissioner pursuant to 20 C.F.R. § 404.1520(3), which provides that the Social Security Administration will consider **all** evidence in the claimant's case record when it makes a determination as to whether an individual is disabled (*see* Tr. 467-74, Doc. #14-3).

With respect to Defendant's argument that the limitations contained in the assessment are inconsistent with the other record evidence (Doc. #15 at 11-12), the Court would note that it is the ALJ who must weigh the evidence and state the weight afforded to such evidence. In making disability determinations, the Commissioner considers whether the evidence is consistent and sufficient to make a determination. 20 C.F.R. § 404.1527. If the evidence is not consistent, the Commissioner weighs the evidence to reach his decision. 20 C.F.R. § 404.1527; *see also Johnson v. Barnhart*, 138 Fed. Appx. 266, 270 (11th Cir, 2005).[5] Consequently, Defendant's argument on this point is meritless.

Another discrepancy the Court finds significant is that the ALJ misconstrued the record when supporting his argument to reject Plaintiff's claim that he requires a hand-held assistive device in order to ambulate (*see* Doc. #15 at 6-7; Tr. 61-62). Specifically, as noted above, the ALJ quoted various medical notations related to Plaintiff's visits to Dr. Leber that are not entirely accurate. First, the ALJ stated that on November 2, 2005, Dr. Leber indicated Plaintiff "ambulated independently with a steady gait" (Tr. 62). This quotation, however, is only a portion of the sentence from which it was taken. The entire

---

[5] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

sentence reads as follows: "Patient ambulates independently with a steady gait held in his right hand with an antalgic gait" (Tr. 528).

This sentence is obviously grammatically incorrect, and is also unintelligible. A careful reading of Dr. Leber's notes reveals that Dr. Leber often states Plaintiff ambulates with the assistance of a straight cane "held in his right hand with an antalgic gait" (Tr. 550; *see also* Tr. 551, 553, 555). Consequently, the Court finds the ALJ's use of this partial quotation to be disingenuous because the ALJ simply plucked from the unintelligible sentence a portion that supported his conclusion(s). When this sentence is read in conjunction with the other notes from Dr. Leber, it becomes apparent that it should not have been cited as evidence that Plaintiff does not require the assistance of a cane for ambulation.

An ALJ cannot pick and choose from the evidence in order to support his conclusions. *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability") (citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984)); *see also Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence").

Secondly, the ALJ stated that on August 4, 2006, Dr. Leber reported Plaintiff did not have his cane with him that day, and that he was ambulating independently (Tr. 62). As noted above, the Court is unable to find this August 4, 2006 notation in the record. When considering this inconsistency in combination with the other inconsistencies of record, *supra*, the Court finds the ALJ's reasons for rejecting Plaintiff's alleged need for a medically

11

necessary hand-held assistive device is not supported by substantial evidence. This is especially so since Plaintiff's treating physician, Dr. Leber, has specifically stated on several occasions that Plaintiff requires the use of a cane in order to ambulate, and that said cane is medically necessary (*see* Tr. 467, 471; *see also* Doc. #14-3 at 6).

As a final matter, as part of his residual functional capacity ("RFC") determination, the ALJ found Plaintiff required the option to alternate between sitting and standing at will (Tr. 61). When finding at Step 5 of the sequential evaluation process that other jobs existed in the national and regional economy that Plaintiff could perform despite his limitations, the ALJ stated:

> The Vocational Expert testified that given all of these factors [*i.e.* Plaintiff's RFC], the individual [Plaintiff] would be able to perform the requirements of 1400 light, unskilled jobs and 200 sedentary, unskilled jobs referenced in the Dictionary of Occupational Titles. [. . .] The Vocational Expert testified that specific examples of jobs such an individual would be able to perform included work as a cleaner, housekeeping . . ., coupon redemption clerk . . ., and piece checker. . . .

(Tr. 65).

Here too, the ALJ has misconstrued the record. Specifically, the Vocational Expert ("VE") testified that, when considering Plaintiff requires the option to sit and stand at will, out of the aforementioned enumerated jobs, only the job of coupon redemption clerk would remain (Tr. 679-80). Although the VE did testify that two sedentary jobs would accommodate Plaintiff's restrictions (specifically, tobacco leaf tier and cutter/paster press clippings), the ALJ did not mention these jobs in his decision. The ALJ stated that the VE testified Plaintiff could perform the requirements of 1400 light jobs and 200 sedentary jobs—in particular, the jobs of cleaner, housekeeping, coupon redemption clerk, and piece checker (Tr. 65). This is simply not accurate. Consequently, the Court cannot engage in

12

a meaningful review of how the ALJ reached his Step 5 determination.

## IV. Conclusion

While each of the cited discrepancies of record, when viewed individually, may not constitute such error as to require reversal, the various misstatements, inconsistencies, and the issue of the missing evidence, taken as a whole, reveal an inaccurate review of the record. Thus, the Court is unable to find the decision of the ALJ is based on substantial evidence, and this case must be **REMANDED** to the Commissioner for re-evaluation of the record as a whole.

On remand, the Commissioner may hold other proceedings as he deems necessary, but in any event shall consider the Treating Physician's Medical Assessment of Ability to do Work-Related Activities (Physical), filled out by Dr. Leber on July 25, 2006 (Doc. #14-3), re-assess Plaintiff's functional limitations, including his alleged need for a medically necessary hand-held assistive device (a cane), and shall re-assess Plaintiff's residual functional capacity in light of this opinion.

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004). In accordance with binding precedent, the Court has not and may not re-weigh the evidence to make its own determination on Plaintiff's asserted disability.

## V. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion and, thereafter, to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filled within fourteen (14) days of the Commissioner's final decision to award benefits. *See* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a); *Bergen v. Comm'r of Soc. Security*, 454 F.3d 1273, 1278 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of September, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge