UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATTHEW KEY,

    Plaintiff,

v.                                                            CASE NO. 3:08-cv-424-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## O R D E R

This matter is before the Court on Plaintiff's Consent Petition for Attorney Fees (Doc. #21, Petition), filed pursuant to the Equal Access to Justice Act ("EAJA"). Plaintiff's Petition represents that the parties agreed to a negotiated settlement of $3,950 in attorney fees and $350.00 in costs payable out of the judgment fund (Doc. #25 at 1). Plaintiff's Petition includes time-sheets and calculations documenting the time Plaintiff's counsel spent litigating the case (Doc. #21 at 1-3; Doc. #21-3). Said calculations total an amount that is slightly higher than the amount agreed to by the parties (*see* Doc. #21 at 1-3; Doc. #21-3).[1]

Defendant, however, filed a motion to strike Plaintiff's Petition (Doc. #22, Motion to Strike), contending that Plaintiff's Petition should not have included time-sheets and calculations (Doc. #22 at 2). Plaintiff filed a response to Defendant's motion to strike (Doc. #23), in which Plaintiff's counsel includes a Supplemental Petition for Attorney Fees encompassing an additional 2.3 hours of requested compensation for the time spent in responding to the Motion to Strike (Doc. #23 at 2). Defendant responded by filing a motion

---

[1]The agreed sum is $360 less than the time-sheets and calculations reflect (*see* Doc. #22 at 1).

for leave to reply (Doc. #24) and a reply brief (Doc. #25).[2] The matter is now ripe for the Court's review.

Regardless of whether the parties came to an agreement with respect to the requested EAJA fee award, the moving party is required to included time-sheets and calculations so that the Court may review the reasonableness of the fees sought.

More particularly, 28 U.S.C. 2412(d)(1)(B) provides, in pertinent part, as follows:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including <u>an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed</u>. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. 2412(d)(1)(B) (*emphasis added*).

Defendant, however, argues that Plaintiff's counsel improperly included time-sheets and calculations as part of the consent Petition, and that this was not in conformity with the settlement agreement between the parties (Doc. #22 at 1). The Court is not persuaded by Defendant's argument(s).

To illustrate, although Defendant may not have agreed to the production of time-sheets and calculations, Plaintiff was required to produce to the Court said time-sheets and the rate at which the fees were computed. 28 U.S.C. 2412(d)(1)(B). Further, even if such

---

[2]The Court shall grant Defendant's Motion for Leave to Reply and accept Defendant's reply brief (Doc. #25).

requirement was waived in this instance due to the parties' negotiated amount, Defendant did not reference any case law that indicates the inclusion of such information within the Petition was improper, or that a negotiated settlement between the parties as to fees waives the Court's review of the requested fees for reasonableness. In EAJA fee matters, Congress intended that the courts be the gatekeepers of the government's fisc—not the parties. *See* 28 U.S.C. 2412(d)(1)(B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("[i]t remains for the district court to determine what fee is 'reasonable'"). Therefore, the Court finds that it was not improper for Plaintiff to include time-sheets and records documenting Plaintiff's counsel's time spent litigating the current cause of action.

Defendant additionally argues that special circumstances make Plaintiff's claim for an additional award of 2.3 hours of work unjust in this instance because, by including the subject time-sheets in the Petition, Plaintiff's counsel unnecessarily protracted the instant litigation (Doc. #25 at 4-5). *See* 28 U.S.C. § 2412(D)(1)(A) (courts shall award to a prevailing party against the United States attorney fees unless there exists special circumstances that would make such an award unjust). The Court does not agree.

Plaintiff was required to produce "an itemized statement . . . stating the actual time expended and the rate at which the fees and other expenses were computed." 28 U.S.C. 2412(d)(1)(B). Therefore, in this instance, the Court finds Plaintiff did not create special circumstances that unnecessarily protracted this litigation and that he is, therefore, entitled to the additional fee request. Incurred fees spent on EAJA litigation is specifically compensable under the EAJA. *See Comm'r, I.N.S. v. Jean*, 495 U.S. 154, 166 (1990).

Based upon the Petition and information contained within the record, the Court

makes the following legal and factual findings:

1.	Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less than $2,000,000.00 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(D); *Jean*, 496 U.S. at 158.

2.	The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(D)(2)(A). In addition, the awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

3.	The cost of filing fees is expressly provided in 28 U.S.C. § 2412(a)(1), (c)(1) and the Court will award reimbursement of that cost.

4.	The Court finds the settled amount of $3,950 is a reasonable fee in this case.[3]

5.	The Court further finds that Plaintiff's additional request for 2.3 hours of work,

---

[3]The Court arrived at its conclusions by visiting the following website: http://data.bls.gov/cgi-bin/cpicalc.pl (last visited July 19, 2010).

at a rate of $170.77, totaling $4,342.77 ($3,950 + $392.77), is also reasonable.[4]

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion for Leave to File Reply (Doc. #24) is **GRANTED** *nunc pro tunc*.

2. Defendant's Motion to Strike Plaintiff's Consent Petition for Attorney's Fees under the Equal Access to Justice Act (Doc. #22) is **DENIED**.

3. Plaintiff's Consent Petition for Attorney Fees (Doc. #21) is **GRANTED**.

4. Plaintiff's Supplemental Petition for Attorney Fees (Doc. #23 at 2) is **GRANTED**.

5. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,342.77 for attorney fees **and** $350.00 for costs.

6. Assuming Plaintiff does not owe any monies subject to offset by the government, the request that the Court direct the payment of the fees be made to Dorothy Clay Sims, Esq. and Sarah H. Bohr, Esq. is **GRANTED**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of July, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

---

[4] The Court arrived at its conclusions by visiting the following website: http://data.bls.gov/cgi-bin/cpicalc.pl (last visited July 19, 2010).

[5] Plaintiff assigned his EAJA fee award to his counsel (Doc. #21-2).